## William L. Moseby, Plff. in Err., *v.* Bedford County Bank.

The absence of entry of discount of renewal notes, upon the books of a bank, will not defeat an action by the bank upon these notes.

The evidence in this case held sufficient to warrant a jury in finding that the notes were accepted in renewal of former ones.

(Decided October 4, 1886.)

---

Note.—An action may be maintained on a renewal note, though the original has not been returned. But execution on the judgment obtained will be stayed until the original is returned. Kirk v. Benner, 2 W. N. C. 67; Gerlach v. Cammerer, 2 W. N. C. 67; Henry v. Musselman, 4 W. N. C. 429.

Error to the Common Pleas of Fulton County to review a judgment on a verdict for plaintiff in an action of assumpsit upon several promissory notes. Affirmed.

At the trial before McClean, P. J., the following facts appeared:

On August 11, 1884, Moseby sent by mail to the bank two of the notes in suit, for renewal of two notes held by the bank, the parties to the original notes and to the renewal notes being the same, and the amount aggregating the same.

On August 27, 1884, John Dubois, the cashier of the bank, wrote to Moseby as follows:

"The board requires me to ask a part payment of notes coming due; and therefore I will hold yours for a few days as they are and let you pay some on them, and give other notes in place of the ones you have sent us."

On September 13, 1884, the bank suspended.

The plaintiff offered the notes, and evidence as to waiver of protest, and rested.

The defendant offered, *inter alia,* the following:

Discount book of plaintiff from 1877 to suspension (note Aug. 9, 1884, notes Nos. 12 and 13). No entries.

Journal of plaintiff, 1883–84, August 5, 1884, from that on, no such note.

W. L. Moseby called by defendant:

The notes for $900 and $125 were sent there to be discounted by the bank; I never received anything for them.

John Dubois, cashier of the bank, called by the plaintiff, in rebuttal.

Shown note No. 12 for $125, dated August 9, 1884, and note No. 13 for $900, dated same day.

Witness. These notes were given for two other notes as renewals. They were sent to the bank. My impression is that I wrote Mr. M., requesting that the notes be reduced. He did not reduce them; I think these were notes of $950, and one for $75 merged in them.

Cross-examined. They were not accepted at the time when first received. I cannot speak positively whether the other

notes were canceled. The books passed into the hands of the receiver September 13, 1884. I did not discount these notes on which suit is brought.

After the testimony was closed the plaintiff produced notes for $950 and $75, and offered to surrender them to the defendant.

The defendant presented, *inter alia,* the following points:

The court is respectfully requested to charge the jury (as to note No. 12 in plaintiff's statement for $125, and note No. 13 for $900) that it was the duty of the plaintiff, being a bank and these notes being presented there for discount, to act upon them in the usual way; to present them to the board of directors for discount or refusal, and that the bank could hold no interest in or ownership of them if discount was refused; and, hence, would have no right of action upon them in this suit.

That there is no evidence in this trial that such notes were discounted.

That the letter of the cashier to the defendant, dated August 27, 1884, with the testimony of J. Dubois, the cashier, on the stand, the testimony of W. L. Moseby, the defendant, and the discount book of the bank, all show that they were not discounted.

Answer. I decline to affirm these points, but leave the facts for your ascertainment and determination from all the evidence in the cause.

Verdict for plaintiff and judgment thereon. The defendant thereupon took this writ.

The assignments of error were, *inter alia,* the answer of the court to the above points.

*W. Scott Alexander* and *R. Bruce Petrikin,* for plaintiff in error.—The court submitted a question of law to the jury, which was clearly error. Richardson v. Stewart, 2 Serg. & R. 84; Com. use of Beale v. Henderson, 1 Penr. & W. 401; Keating v. Orne, 77 Pa. 89.

Defendant was entitled to a clear and distinct instruction, so that the jury would not be misled or uninformed on this plain question of law. Slaymaker v. St. John, 5 Watts, 27; Geiger v. Welsh, 1 Rawle, 349; Noble v. M'Clintock, 6 Watts & S. 58.

The first point should have been affirmed. The bank cannot recover on notes not discounted or negotiated. National Bank v. Perry, 2 W. N. C. 484; Parke v. Smith, 4 Watts & S. 287; Byles, Bills, top p. 607, note 1; Wilt v. Snyder, 17 Pa. 82; Harding v. Mott, 20 Pa. 472.

It is error to submit a question to the jury, when there is no fact for them to consider. Whitehill v. Wilson, 3 Penr. & W. 405, 24 Am. Dec. 326; Cook v. Mackrell, 70 Pa. 12; Elkins v. McKean, 79 Pa. 493.

A party, upon request made to the court, is entitled to a clear and distinct instruction on the rule of law applicable to his case; and it is error in the court either to omit to give it, or give it in so imperfect a manner that the jury may be misled or left uninformed of the law. Slaymaker v. St. John, 5 Watts, 27; Geiger v. Welsh, 1 Rawle, 349; Noble v. M'Clintock, 6 Watts & S. 58.

It is error to blend questions of law and fact and submit the whole to the jury. Potts v. Wright, 82 Pa. 498.

The defendant has a full and complete defense to the original notes.

*John Stewart* and *Russell & Longenecker,* for defendant in error.—"The mere possession of a negotiable instrument produced in evidence by the indorsee . . . imports, prima facie, that he acquired it bona fide, for full value, in the usual course of business, before maturity and without notice of any circumstance impeaching its validity; and that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument, and proof that it is genuine (when, indeed, such proof is necessary), prima facie establishes his case; and he may rest it there." 1 Dan. Neg. Inst. § 812.

When disputed facts are assumed in a point propounded to the court, the refusal to charge as requested is not error. Cullum v. Wagstaff, 48 Pa. 300; Pennsylvania R. Co. v. McTighe, 46 Pa. 316; Gratz v. Beates, 45 Pa. 505.

"The same defense which the defendant might make to an action by an indorsee of the note given by him, and the same re-

quirement of proof, may be made by him in an action on a renewal of a former note, both notes being regarded as given upon the same consideration." 1 Dan. Neg. Inst. ed. 1884, §§ 177, 179, p. 181.

"If the consideration of the original bill or note be illegal, a renewal of it will be open to the same objection and defense. . . . 'When a dealer at a bank pays off a note by renewal the debt is the same; the debt remains unpaid; the credit is extended.'" Id. § 205, p. 210.

As bearing out this proposition we also refer to Williams v. Thomas, 1 W. N. C. 150; Shrewsbury Sav. Inst.'s Appeal, 94 Pa. 309; Brown v. Scott, 51 Pa. 357.

PER CURIAM:

We see no error in the answers to the points submitted by the defendant below. There was evidence showing that the notes in contention were accepted as a renewal of the former notes. It was not essentially necessary for the books to show an entry of the discount of the later notes. The case was submitted to the jury under proper instructions.

Judgment affirmed.